THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CR-76 RM |
| | ) | |
| CRYSTAL KRUPER | ) | |

## OPINION AND ORDER

Defendant Crystal Kruper is charged with one count of embezzling Social Security Survivor's Benefits payments made to her deceased mother to which Ms. Kruper knew she was not entitled, under 18 U.S.C. § 641, and one count of misusing a social security number by failing to disclose her mother's death in order to continue to receive and spend Social Security Survivor's Benefits payments made by the Social Security Administration ("SSA") to her mother, under 42 U.S.C. § 408. On September 26, 2007, Ms. Kruper moved to dismiss the counts against her or, in the alternative, continue the case pending administrative resolution of the government's claim. The government responded to Ms. Kruper's motion, and because the time provided for a reply to the government's opposition has lapsed, the motion is ripe for ruling.

Ms. Kruper contends that the government failed to provide requisite notice of overpayment in this case and that it should utilize administrative remedies for repayment before proceeding with a criminal prosecution. Specifically, Ms. Kruper alleges that the funeral director told her that the SSA would be notified after her mother's death in October 2005. Ms. Kruper acknowledges, however, that the SSA continued to make direct deposits into her mother's account after her death. Ms.

Kruper also claims that her mother's estate is solvent, and she and her brother are the only heirs. As such, Ms. Kruper asks the court to dismiss the case without prejudice until the government exhausts its ability to seek an administrative refund.

The government is not required to pursue an administrative avenue for recovery before filing a criminal prosecution against an individual who is alleged to have violated both administrative guidelines and a federal criminal statute. *See* United States v. Paternostro, 966 F.2d 907, 911 (5th Cir. 1992) (rejecting the defendant's argument that the government should not have prosecuted him for violating a federal statute where the agency had adequate administrative remedies because the exhaustion of remedies doctrine is inapplicable where "the agency itself decides to pursue a judicial remedy . . . ."). Indeed, the government may exercise its discretion to enforce the law by a criminal prosecution regardless of the availability of an administrative review process. United States v. Seibert, 403 F. Supp. 2d 904, 921 (S.D. Iowa 2005) (holding that the government "need not wait for [the defendant] to exhaust his administrative appeals because the exhaustion requirement is only applicable to individuals appealing administrative rulings"); Untied States v. Tenet Healthcare Corp., 343 F. Supp. 2d 922, 934-35 (C.D. Cal. 2004) (denying motion to dismiss prosecution holding that the government is not required to exhaust administrative remedies). Accordingly, the court declines to interfere with the government's decision to initiate criminal proceedings in this case.

For the foregoing reasons, the court DENIES Ms. Kruper's motion to dismiss or continue case pending exhaustion of administrative remedies [Doc. No. 13].

SO ORDERED.

Entered:   October 15, 2007

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court